IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WILLIAM RUTLEDGE, | ) | |
| | ) | |
| Plaintiff | ) | Cause No.: 1:18-cv-61 |
| | ) | |
| vs. | ) | |
| | ) | |
| LONG'S BAKERY, INC., | ) | |
| | ) | |
| Defendant | ) | |

PLAINTIFF'S COMPLAINT FOR DAMAGES
AND REQUEST FOR JURY TRIAL

Comes now Plaintiff, William Rutledge, by counsel, and as his Complaint for Damages against Defendant, states as follows:

PARTIES, JURISDICTION AND VENUE

1. Plaintiff, William Rutledge, is a resident of Johnson County in the State of Indiana and a former employee of Defendant.

2. Defendant, Long's Bakery, Inc., an employer as defined by 42 U.S.C. § 2000e(b), which conducts business in the State of Indiana.

3. Mr. Rutledge filed a Charge of Discrimination (Charge 470-2017-0125) with the Equal Employment Opportunity Commission on or about February 23, 2017, *inter alia*, that Defendant had violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

4. The Equal Employment Opportunity Commission ("EEOC") issued to Mr. Rutledge a 90-day Right to Sue letter on October 25, 2017.

5. Mr. Rutledge invokes this Court's federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a).

6. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

GENERAL FACTS & SPECIFIC ALLEGATIONS

7. Plaintiff, a male, was employed by the Defendant as a lead donut fryer.

8. During the course of his employment, Plaintiff was subjected to unwanted harassment of a sexual nature at the hands of a coworker, and complained about the sexual harassment to his supervisor.

9. On or about January 31, 2017, Plaintiff's coworker made inappropriate comments to the Plaintiff and grabbed the Plaintiff's genitalia.

10. Plaintiff reported the harassment to two of his managers, who took Plaintiff's complaints to the owner.

11. On or about February 10, 2017, Plaintiff was asked to sign a letter stating that he agreed with the discipline given the coworker, and further stating that he would not file a charge of discrimination.

12. Plaintiff refused to sign the letter and was not allowed to return to work and he was subsequently terminated.

## Count I
## Title VII Sex

13. Plaintiff incorporates by reference Paragraphs one (1) through twelve (12) above.

14. Defendant discriminated against Mr. Rutledge on the basis of his sex when it refused to take action against a coworker to make numerous unwanted sexual comments toward him.

15. Defendant further discriminated against Plaintiff when it failed to take reasonable remedial action against the coworker who again made inappropriate comments to Plaintiff and grabbed his genitalia on or about January 31, 2017.

16. These actions violated Mr. Rutledge's rights and were in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

17. As a result of the foregoing, Mr. Rutledge has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

18. As a result of Defendant's actions, Mr. Rugledge has incurred attorney fees and costs.

19. Defendant's actions were done with malice or willful reckless disregard to Mr. Rutledge's rights.

WHEREFORE, Plaintiff prays for judgment against Defendant, an award of damages sufficient to compensate Plaintiff for his injuries, including lost pay and benefits, compensatory damages, punitive damages, and for an award of Plaintiff's attorney fees and costs incurred, and for all other appropriate relief.

## Count II
## Retaliation

20. Plaintiff Incorporates by reference Paragraphs one (1) through nineteen (19) above.

21. Defendant retaliated against Mr. Rutledge when it refused to allow him to return to work without first signing a letter relinquishing his right to file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").

22. Mr. Rutledge refused to sign a letter relinquishing his right to file an EEOC charge and was never allowed to return to work, thereby terminating his employment.

23. Plaintiff's refusal to relinquish his Title VII rights and engage in EEOC activity was the motivating factor behind Defendant's decision to terminate of Plaintiff's employment.

24. As a result of the foregoing, Mr. Rutledge has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

25. As a result of Defendant's actions, Mr. Rutledge has incurred attorney fees and costs.

26. Defendant's actions were done with malice or willful reckless disregard to Mr. Rutledge's rights.

WHEREFORE, Plaintiff prays for judgment against Defendant, an award of damages sufficient to compensate Plaintiff for his injuries, including lost pay and benefits, compensatory damages, and for an award of Plaintiff's attorney fees and costs incurred, and for all other appropriate relief.

Respectfully submitted,

HENN HAWORTH CUMMINGS & PAGE

/s/ Paul J. Cummings
David M. Henn, 18002-49
Paul J. Cummings, 22714-41

REQUEST FOR JURY TRIAL

Plaintiff, by counsel, respectfully requests this cause be tried by jury.

Respectfully submitted,

HENN HAWORTH CUMMINGS & PAGE

/s/ Paul J. Cummings
David M. Henn, 18002-49
Paul J. Cummings, 22713-41

HENN HAWORTH CUMMINGS & PAGE
625 North Madison Avenue, Suite A
Greenwood, IN  46143
(317) 885-0041;
(888) 308-6503 Fax